cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEPHEN PHILLIP RUTHERFORD, | ) | Civil No. 07cv47 L (AJB) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND ORDERING DELIVERY OF REDACTED PAPERS** |
| UNITED STATES OF AMERICA, | ) | |
| Defendants. | ) | |
| | ) | **[Doc. No. 37]** |

On July 24, 2008, Plaintiff Phillip Rutherford ("Plaintiff") filed a motion to compel an appraisal report and related materials (together, the "appraisal"). On August 4, 2008, Defendant United States of America ("Defendant") filed a response in opposition to Plaintiff's motion. On August 7, 2008, Plaintiff filed a reply. The Court has taken the motion under submission on the papers pursuant to Local Rule 7.1(d)(1) and has carefully considered the papers and all accompanying materials.

## **BACKGROUND**

This cases arises out of alleged damages suffered by Plaintiff by the Pines Fire. Anderson – Brabant, Inc. was retained by the Drug Enforcement Administration (the "DEA") to perform an appraisal of the diminution in value sustained to Plaintiff's real property. Plaintiff now seeks discovery of the appraisal.

Plaintiff claims that Defendant has waived its right to assert any privileges or objections based on the following three incidents: (1) Defendant allegedly voluntarily disclosed information from the appraisal; (2) Defendant allegedly failed to properly respond to a request for production of documents propounded by Plaintiff; and (3) Defendant allegedly failed to properly move to quash a subpoena served by Plaintiff on Anderson – Brabant, Inc. or move for a protective order.

With regard to the alleged voluntary disclosure, Plaintiff claims that Defendant disclosed from the appraisal the specific amount of damages allegedly suffered by Plaintiff as a result of the diminution of value to the real property caused by the Pines Fire. Plaintiff believes that this disclosure was a waiver of all relevant privileges. With regard to the alleged failure to properly respond to a request for production of documents, Plaintiff states that Defendant failed to serve timely responses on the deadline of April 9, 2008 or the agreed extensions of April 23, 2008 and June 6, 2008. Plaintiff believes that the failure to timely respond was a waiver to all objections. With regard to the subpoena served on Anderson – Brabant, Inc. requesting the appraisal file, Plaintiff states that Defendant served on Plaintiff and Anderson – Brabant, Inc. a notice of objections but never filed a motion to quash the subpoena or a motion for a protective order. Plaintiff believes that the failure to object in either of these ways is a waiver of all grounds for objection, including privilege.

Defendant opposes the motion and claims the appraisal is not discoverable because the appraisal is, (1) attorney work product as the appraisal of a consultant to the DEA; (2) attorney-client material as the DEA sent the consultant's appraisal to its counsel, the US Attorney; (3) protected under Federal Rule of Evidence 408 because it was not disclosed, but only discussed in settlement negotiations; (4) protected by the deliberative process privilege as pre-decisional materials; and (5) protected by the litigation preparation or trial preparation privilege of Federal Rule of Civil Procedure 26(b)(3)(A)(ii) and 26(b)(3)(B).

Defendant explains that the appraisal was created by a consultant hired by counsel for the DEA to provide a report for internal DEA use in evaluating Plaintiff's administrative claim. Defendant further states it was used by the counsel for the DEA as a part of the pre-decisional materials leading to the adjudication of Plaintiff's administrative claim and DEA's negotiating position with Plaintiff

regarding a potential settlement.  The appraisal was provided to the US Attorney by the DEA and never disclosed to anyone outside of the DEA or the Department of Justice.

Defendant states that it has, since the Early Neutral Evaluation, asserted the protected nature of the appraisal and has never withdrawn the claim that it is privileged.  With regard to Plaintiff's requests for production of documents, Defendant states it verbally and in writing objected.  Defendant explains that on June 27, 2008, it provided Plaintiff with a written response to several requests and on June 28, 2008, it provided Plaintiff with a privilege log.  It is Defendant's position that although the delivery of the privilege log took longer than anticipated, there was no established schedule for completion of the agreed-upon plan.

In response to Plaintiff's claim that Defendant failed to bring a motion to quash or motion for protective order, Defendant states that Rule 45 does not require it to do so.  Defendant also disagrees with Plaintiff's quotation of the of the appraisal's valuation in his publicly filed motion.  Finally, Defendant claims that Plaintiff's motion is untimely and should be summarily denied.

## LEGAL AUTHORITY AND DISCUSSION

The attorney work product doctrine protects documents prepared in anticipation of litigation or for trial by another party or its representative.  (Fed. R. Civ. P. 26(b)(3)(A).)  This representative can be the attorney, consultant, surety, indemnitor, insurer, or agent.  (*Id.*)

Through requests for production of documents served on Defendant and a third party subpoena served on Anderson – Brabant, Inc., Plaintiff seeks the appraisal.  The appraisal was prepared by the DEA's consultant, Anderson – Brabant, Inc. for the DEA's counsel handling Plaintiff's administrative claim.  The appraisal is, therefore, protected attorney work product.  The only way the appraisal could be deemed discoverable is if Defendant waived its protection in any way.

Plaintiff claims the protection was waived in three ways as discussed above.  First, Plaintiff argues that Defendant made the waiver by disclosing the appraiser's conclusion on the value of the damage suffered by Plaintiff.  Before discussing the substance of this argument, the Court must reprimand Plaintiff for improperly inserting the exact valuation from the appraisal in its publicly filed motion.  This is a substantial part of the information involved in this very discovery dispute and it is improper to attempt to insert the number reached by the appraiser into this case by way of this motion.

The magistrate judge's chambers was forced to go through complicated steps in order to remove the papers from the docket as well as retrieve any copies which may have been delivered to the district judge's chambers before the dollar amount was revealed to the trial judge in this case. With regard to Plaintiff's argument, the work product protection of the appraisal was not disturbed by Defendant's disclosure of the valuation reached in the appraisal during settlement negotiations. Federal Rule of Evidence 408 does not allow the use of statements made in settlement negotiations regarding the claims at issue. There is no evidence that the appraisal was otherwise shared with anyone outside of the DEA or Department of Justice. *Atari v Sega of America*, 161 FRD 417 (N.D. CA. 1994) is distinguishable on its facts and not dispositive of the issues I this case.

Next, Plaintiff claims that a waiver of all objections was made because of Defendant's failure to respond to requests for production in a timely manner. Although Defendant provided its responses and privilege log months after the original deadline, it appears that the parties were engaged in various stages of the meet and confer process throughout that time period. Even assuming Defendant did miss an extended deadline granted by Plaintiff, the harm of this error does not warrant stripping the appraisal's work product protection.

Finally, Plaintiff argues that Defendant's failure to file a motion to quash or motion for protective order in response to the subpoena served on Anderson – Brabant, Inc. serves as a waiver of its objection to the production of the appraisal. This Court notes that Defendant promptly responded to the subpoena with a notice of objection. The notice of objection was consistent with all of the actions taken by Defendant with regard to the appraisal. Since the Early Neutral Evaluation, Defendant has characterized the appraisal as protected work product. The Court is not concerned about the form of Defendant's objections, only that they were made.

## **CONCLUSION AND ORDER**

Therefore, the Court issues the following orders:

1. Plaintiff's motion to compel is **DENIED;**

//

//

//

//

2. On or before August 27, 2008, Plaintiff will provide the Court copies of the motion, opposition, and reply after having redacted the appraiser's valuation.

IT IS SO ORDERED.

DATED: August 14, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court