UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PHILLIP RUTHERFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil No. 07cv47-L(AJB) <br><br> **ORDER AFTER PRETRIAL CONFERENCE** |

On November 10, 2008 this matter came on for a pretrial conference. Shawn E. Caine, Esq. appeared on behalf of Plaintiff. Thomas B. Reeve, Jr., AUSA and David B. Wallace, AUSA appeared on behalf of the United States. A status conference shall be held on **Monday, February 2, 2009 at 11:00 a.m.**

This is an action to recover damages from the 2002 Pines Fire which was caused by a National Guard helicopter striking a power line. Approximately 6,000 acres of Plaintiff's property burned in that fire. He seeks over $8.6 million in damages from the government under the Federal Tort Claims Act ("FTCA") for negligence and trespass. While the government accepts responsibility for the Pines Fire, it disputes that it caused Plaintiff's claimed damages.

The court hereby **FINDS AND ORDERS** as follows:

1. The court has subject matter jurisdiction over this action because United States is a defendant, 28 U.S.C. § 1346(b)(1). Based on the government's representations at the pretrial

/ / / / /

1  conference, the government does not intend to challenge the jurisdiction of the court or
2  Plaintiff's exhaustion of administrative remedies under the FTCA.

3      2.  After considering the filings in this case, the parties' proposed pretrial order and the
4  parties' representations at the pretrial conference, the court finds this case is not ready for a final
5  pretrial conference.  The parties indicated that they still needed to complete certain discovery
6  and that they are still in the process of resolving several fundamental factual issues, such as
7  Plaintiff's ownership of the property, property boundaries and boundaries of the Pines Fire.
8  Despite numerous extensions of time the parties had requested and obtained from Magistrate
9  Judge Anthony J. Battaglia and from this court, the case is far from being ready for a pretrial
10 conference.  It therefore does not appear that the parties have diligently prosecuted the case to
11 date.

12     3.  The proposed pretrial order is **REJECTED** first and foremost because the case is not
13 in a position for a pretrial conference, and second because it fails to comply with Civil Local
14 Rule 16.1(f)(6).  Specifically, the parties failed to state the grounds for subject matter
15 jurisdiction and venue.  Civ. Local R. 16.1(f)(6)(c)(I).  Furthermore, they failed to identify the
16 exhibits and witnesses.  They did not list the exhibits they intended to offer at trial in the
17 sequence in which they intend to offer them and did not comply with many other particulars of
18 Civil Local Rule 16.1(f)(6)(c)(VII).  Furthermore, listing large numbers of documents as one
19 exhibit and identifying them by vague descriptions is unacceptable.  It appears that the parties
20 included every document in the case as an exhibit.  The parties should include in their proposed
21 pretrial order only those documents they intend to introduce at trial.  As to witnesses, many were
22 not identified by name, the witness list was open-ended and did not identify the party calling the
23 witness.  *See* Civ. Local Rule 16.1.(f)(6)(c)(VIII).  The parties need to provide witness names for
24 all witnesses and list each document as a separate exhibit.  Last, it does not appear that the
25 parties had thought through the factual and legal issues.  The proposed pretrial order appears to
26 be a jumble of various issues, sometimes redundant and not in any particular order, which may
27 or may not be disputed.  Once the parties have determined which factual and legal issues they
28 intend to bring to trial, they must list them in a non-duplicative and logical manner in the

proposed pretrial order. Given the state of the proposed pretrial order, it is doubtful that the parties complied with the meet and confer requirement of Civil Local Rule 16.1(f)(4).

4. On October 31, 2008 and November 3, 2008, respectively, the parties filed objections to certain witnesses listed in Rule 26(a)(3) pretrial disclosures, claiming that the witnesses were not timely disclosed as required by Federal Rule of Civil Procedure 26. To the extent the parties intend to pursue these objections, they shall file motions under Rule 37(c) for failure to timely disclose. Any of these failure to disclose issues not raised in a Rule 37(c) motion as provided herein, shall be waived. Any such Rule 37(c) motions are hereby referred to Magistrate Judge Battaglia for decision under Rule 72(a). The parties shall *not* raise these failure to disclose issues in motions in limine.

5. The parties informed the court that they still need to conduct discovery as to certain recently-disclosed witnesses, and represented that the discovery would be completed by the end of January 2009. The parties are hereby ordered immediately to schedule a case management conference before Magistrate Judge Battaglia for the purpose of supervising this discovery process with a view to completion no later than January 31, 2009. At the case management conference the parties must inform Judge Battaglia if they intend to file any Rule 37(c) motions pursuant to Paragraph 5 above.

6. Prior to the status conference, the parties shall meet and confer in an attempt to reach an agreement regarding Plaintiff's ownership of the real property at issue as it pertains to the unrecorded grant deed allegedly transferring 50% of the land from Plaintiff's sister to Plaintiff. The parties shall meet and confer with a view toward resolving this issue *before* the status conference.

7. Prior to the status conference, the parties shall meet and confer in an attempt to reach an agreement regarding the boundaries of the real property at issue in this case. Based on the parties' representations at the pretrial conference, this is an issue that can be resolved by agreement after consulting appropriate maps and other real estate documents. The parties shall meet and confer with a view toward resolving this issue *before* the status conference.

/ / / / /

8. Prior to the February 2, 2009 status conference, the parties shall meet and confer in an attempt to reach an agreement regarding the geographical "footprint" of the Pines Fire as it relates to the real property at issue in this case. Based on the government's representations at the pretrial conference, this issue can be resolved by consulting appropriate maps and authorities. Based on the government's representations it also appears that an agreement on the geographical area of the fire affecting Plaintiff's property resolves the issue of causation of damages. The parties shall meet and confer with a view toward resolving this issue *before* the status conference.

9. The parties are further advised that failure to cooperate in the foregoing process or any failure to comply with court orders or the Civil Local Rules may lead to sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED**.

DATED: November 12, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL